# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BRIDGET D. BOYD, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-2787 |
| § | |
| BRINK'S INCORPORATED, § | |
|     Defendant. § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 30] filed by Defendant Brink's Incorporated ("Brink's"), to which Plaintiff Bridget D. Boyd filed a Response [Doc. # 33], and Brink's filed a Reply [Doc. # 36]. Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Defendant's Motion.

## I.   FACTUAL BACKGROUND

Plaintiff was hired by Brink's in May 2008 as an armored vehicle driver. During the following seventeen months, Plaintiff was promoted three times, the last promotion to Route Supervisor. Although Plaintiff worked well with her management team and most co-workers and subordinates, Plaintiff had conflicts with three problem employees.

Pam Arnold was a Messenger at Brink's for whom Plaintiff was a Driver. Plaintiff reported Arnold to Operations Manager Clarence Goff for being overly critical. Boyd later reported that Arnold slammed a door into her. Derrick Franklin, the Branch Operations Manager, conducted a meeting between the two women and there was no further contact between the two women after that time.

John Stovall was a Brink's Messenger with a reputation for being a difficult employee. In September 2009, Stovall confronted Plaintiff, and called her "stupid" and "incompetent." Plaintiff filed a "Direct Access" complaint with the Brink's Human Resources Department ("HR") regarding Stovall's conduct. Stovall's employment was terminated the following week after he engaged in a confrontation with two other supervisors.

Parnell Roy was another Brink's employee with a reputation for being difficult. Prior to January 2010, Plaintiff had two minor confrontations with Roy, but she did not consider either incident sufficiently serious to report it to HR. In January 2010, Plaintiff as the Route Supervisor took Roy off the schedule because he failed to show up for his scheduled shift the day before. Although he was not scheduled for work, Roy came into the Brink's facility and Plaintiff advised him that he was on "back up," meaning he would be paid for only four hours that day unless he was actually called upon to perform work. Roy began cursing at Plaintiff, stating he wanted to be paid

for the entire day. Roy then left the premises and Plaintiff reported the incident to Franklin. The next weekend, Roy arrived late for work. When he arrived, he approached Plaintiff and began yelling and swearing at her. Plaintiff reported Roy's conduct to Franklin, who told Plaintiff she could send Roy home. When Plaintiff instructed Roy to go home, he continued yelling and cursing at her. Plaintiff then told Roy she was terminating his employment.

On February 4, 2010, a few days later, Plaintiff saw that Roy's name was on the list of employees scheduled to work that weekend. Plaintiff complained to Branch Manager Shawn Stiles, who explained that only he and Franklin were authorized to terminate an employee and that they were going to use progressive discipline with Roy. Plaintiff resigned her employment with Brink's. Roy was issued a written warning for each of the two confrontations with Plaintiff in January 2010, and he was terminated later that year.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting discrimination on the basis of her sex and retaliation. Plaintiff received a Notice of Right to Sue, and filed this lawsuit, asserting causes of action based on alleged sex discrimination, age discrimination, retaliation, and civil assault. Plaintiff is seeking compensatory damages, punitive

damages, attorney's fees, interest and costs. After the close of discovery, Defendant filed its Motion for Summary Judgment, which is now ripe for decision.

## II.  STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence

supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III. ANALYSIS

### A. Age Discrimination Claim

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376 , 378-79 (5th Cir. 2002).

Plaintiff filed an EEOC charge dated March 9, 2010, alleging retaliation and discrimination on the basis of sex. *See* Charge of Discrimination, Exh. D to Motion. Plaintiff neither checked the box for discrimination on the basis of age nor mentioned age discrimination in the written portion of the Charge. On March 22, 2010, the EEOC dismissed Plaintiff's claims and issued a Notice of Right to Sue. Although Plaintiff's lawyer prepared a second Charge of Discrimination, Exh. F to Motion, there is no evidence that this second Charge was ever filed. Plaintiff has not presented any evidence that she filed the second Charge with the EEOC. The Texas Workforce Commission - Civil Rights Division's search of its records at Defendant's request revealed that the second Charge had not been filed. As a result, there is no evidence of any Charge filed with either the EEOC or the Texas Workforce Commission other than the original Charge filed in March 2010 that alleged retaliation and sex

discrimination. Plaintiff did not exhaust her age discrimination claim and, therefore, Defendant is entitled to summary judgment on the claim.

### B. Sex Discrimination Claim

Plaintiff asserts a claim under Title VII for sex discrimination. This claim is analyzed using the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001). Under this test, a plaintiff must initially establish a *prima facie* case of sex discrimination, which raises a presumption of discrimination. *Id.*; *see also Rutherford v. Harris County*, 197 F.3d 173, 179–80 (5th Cir. 1999). To establish a *prima facie* case of sex discrimination under Title VII, Boyd is required to show the following: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006)).

In this case, Plaintiff has failed to establish the fourth element of her *prima facie* case. She has failed to identify or present evidence of male employees who were similarly situated but were treated more favorably. Plaintiff's alleged adverse employment action is that she resigned her employment when Brink's reminded

Plaintiff that she was not authorized to discharge employees, failed to implement Plaintiff's attempt to terminate Roy's employment, and ultimately discharged Roy within months after Plaintiff resigned. In essence, Plaintiff complains that Brink's did not fire Roy when she thought appropriate and, as a result, she felt compelled to resign. Plaintiff has not presented evidence to suggest that Brink's decided to engage in progressive discipline, rather than discharge Roy immediately, because Plaintiff is female. Plaintiff has failed to present evidence of any male employee who was similarly situated to Plaintiff, who wanted a problem employee fired, and for whom Brink's fired that problem employee to prevent the male comparator employee from resigning. Absent evidence of a similarly-situated male employee who was treated more favorably than Plaintiff, there is no evidence to support Plaintiff's *prima facie* case of sex discrimination. Defendant is entitled to summary judgment on this claim.

### C. Retaliation Claim

Plaintiff alleges that Defendant retaliated against her because she reported to Brink's management through the "Direct Access" program that Stovall has engaged in "offensive and assaultive behavior" toward her. *See* Second Amended Complaint [Doc. # 16], p.4; Response, p.5. To establish a *prima facie* case for retaliation, a plaintiff must present evidence that (1) she engaged in protected activity under Title VII; (2) she suffered an adverse employment action; and (3) there is a causal link

between the protected activity and the adverse employment action. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).

The first element of a *prima facie* case of unlawful retaliation requires the plaintiff to show that she engaged in activity protected by Title VII. An employee engages in protected activity by either (1) opposing any unlawful employment practice under Title VII; or (2) filing a charge of discrimination or otherwise participating in any manner in a Title VII matter. *See Baker v. American Airlines*, Inc., 430 F.3d 750, 755 (5th Cir. 2005). In this case, there is no evidence that Plaintiff's "Direct Access" complaint to Brink's regarding Stovall's conduct indicated that Plaintiff believed Stovall's conduct was based on a matter governed by Title VII such as race or sex discrimination. Instead, the complaint referred to Stovall's overall bad attitude and rudeness. Plaintiff testified in her deposition that Stovall was rude to males as well as to females. *See* Boyd Deposition, Exh. A to Motion, pp. 68-69.

Additionally, there is no allegation or evidence that Plaintiff complained to Brink's about race or sex discrimination at any time. Plaintiff has not presented evidence that she engaged in activity protected by Title VII and, as a result, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

**D.     Civil Assault Claim**

In connection with her civil assault claim, Plaintiff alleges that Roy repeatedly brandished a firearm toward her while making verbal threats. Plaintiff alleges also that, because Brink's did not fire him, Brink's "specifically authorized" Roy's alleged misconduct such that Roy was Brink's alter ego. Initially, the Court notes that Plaintiff has presented no evidence whatsoever that Roy repeatedly brandished a firearm toward her. During her deposition, Plaintiff described in detail the two altercations with Roy in January 2010. Plaintiff testified that Roy screamed and cursed at her, but she never stated that he brandished a firearm. Indeed, the only mention of Roy's firearm is that the vault team leader, a man named John, took possession of Roy's firearm on January 30, 2010, after Plaintiff directed Roy to go home. *See* Plaintiff's Deposition, Exh. A to Motion, p. 132.

Even were the Court to consider Roy's conduct as rising to the level of a civil assault, Plaintiff has failed to present evidence that would impose liability on Brink's for that conduct. Under Texas law, an employer is not liable for an employee's actions that are in his own interests and not undertaken to further the purpose of the employer's business. *See Viking v. Circle K Convenience Stores, Inc.*, 742 S.W.2d 732, 734 (Tex. App. -- Houston [1st Dist.] 1987, writ denied) (citing *Smith v. M*

*System Food Stores*, 156 Tex. 484 (1957)). "It is not within the scope of a servant's authority to commit an assault." *Id*.

An employer may be liable for the alleged assault if it ratified the actions of its employee. *See Prunty v. Arkansas Freightways, Inc*., 16 F.3d 649, 652-53 (5th Cir. 1994). Ratification occurs when the employer "confirms, adopts, or fails to repudiate the acts of its employee." *Id*. at 653. An employer's retention of an employee who has committed a tort may constitute ratification if the employer "(1) knows about the employee's acts, (2) recognizes that the employee's acts will continue if he is retained, (3) does nothing to prevent the ongoing tortious acts, and (4) chooses to retain the employee." *Id.* at 653-54.

In this case, Plaintiff has presented no evidence to support her ratification argument. Although Brink's knew that Roy had screamed vulgarities at Plaintiff, there is no evidence that Brink's knew that Roy's conduct would continue after he was disciplined for the misconduct. Indeed, to prevent the conduct from continuing, Brink's disciplined Roy and later terminated his employment. The undisputed evidence is that Brink's did not affirm or otherwise ratify Roy's behavior, but instead disciplined him for screaming vulgarities at Boyd and later discharged him.

Plaintiff has failed to present evidence of conduct by Roy that rises to the level of a civil assault. Moreover, even were the Court to construe Roy's screaming and

cursing at Plaintiff as a civil assault, Plaintiff has not presented evidence that Brink's ratified that assaultive behavior. As a result, Defendant is entitled to summary judgment on Plaintiff's civil assault claim.

## IV. CONCLUSION AND ORDER

Plaintiff has failed to exhaust her age discrimination claim. Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her sex discrimination, retaliation, and civil assault claims. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 30] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this 23rd day of **August, 2011**.

_____
Nancy F. Atlas
United States District Judge